Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0003 9761 45



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

WHITEPAGES, INC.
2033 6TH AVENUE
SUITE 1100
SEATTLE, WA 98121

Control Number: 326462

Defendant: WHITEPAGES, INC.
2033 6TH AVENUE
SUITE 1100
SEATTLE, WA 98121 US

County: Braxton

Civil Action: 24-C-41

Certified Number: 92148901125134100003976145

Service Date: 7/26/2024

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**EXHIBIT**
tabbies
**A**

# SUMMONS

E-FILED | 7/22/2024 4:20 PM
CC-04-2024-C-41
Braxton County Circuit Clerk
Susan Lemon

## IN THE CIRCUIT COURT OF BRAXTON COUNTY, WEST VIRGINIA
### Michael Jackson v. Whitepages, Inc.

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    Whitepages, Inc., 2033 6th Avenue Suite 1100, Seattle, WA 98121

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jason Causey, 1358 National Rd, , Wheeling, WV 26003

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 7/22/2024 4:20:11 PM | /s/ Susan Lemon |
| --- | --- |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
| --- | --- |
| Date | Server's Signature |

E-FILED | 7/22/2024 4:20 PM
CC-04-2024-C-41
Braxton County Circuit Clerk
Sus an Lemon

**IN THE CIRCUIT COURT OF BRAXTON COUNTY, WEST VIRGINIA
FOURTEENTH JUDICIAL CIRCUIT**

| | |
|---|---|
| MICHAEL JACKSON, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| WHITEPAGES, INC., | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiff Michael Jackson ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of W. Va. Code § 5A-8-24 ("Daniel's Law") against Defendant Whitepages, Inc. ("Whitepages" or "Defendant"). Plaintiff makes the following allegations pursuant to his counsel's investigation and based upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge.

**NATURE OF ACTION**

1.      On April 10, 2021, West Virginia enacted Daniel's Law, introduced as SB 470[1] and codified at W. Va. Code § 5A-8-24. Upon the statute's taking effect on July 9, 2021, the West Virginia Legislature achieved its goal – as stated by State Senator Mike Woelfel, the lead sponsor of SB 470[2] – of ensuring that West Virginia would "have the best law there is in the United States of America to make sure that the public information of our judicial officers and

---

[1] https://www.wvlegislature.gov/Bill_Status/Bills_history.cfm?input=470&year=2021&sessiontype=RS&btype=bill.

[2] *Id.*

1

law enforcement [is] protected."[3]

    2.    Per the West Virginia Legislature[4]:

> [W. Va. Code § 5A-8-24] adopts the name Daniel's Law. The source of the name of the law is a tragic story. It is the story of a person who compiled information – a dossier of information – about a federal judge in New Jersey. Her name is Judge Esther Salas. Her son, Daniel, was killed by the person who compiled the information. So the new protections provide that it's to be liberally construed to provide broad protection to accomplish the policy of the state, which is to enhance the safety of public officials and their family members. ... [W]ithout such person[s'] written permission, no person, business, [or] association can disclose or redisclose or otherwise make available that information – that personal information – home address, personal telephone numbers.

    3.    Thus, this law honors Judge "Salas' son, Daniel Anderl, who had come home from college to celebrate his 20th birthday[]" and was the victim of a "July 19 [of 2020] fatal shooting at U.S. District Judge Esther Salas's home in North Brunswick[, New Jersey by a] gunman who found her address online[.]"[5]

    4.    According to NJ.com, Judge "Salas, in an emotional statement, had urged that actions be taken to protect federal judges' privacy."[6]  That statement[7] reads, *inter alia*:

> My family has experienced a pain that no one should ever have to endure. And I am here asking everyone to help me ensure that no one ever has to experience this kind of pain. We may not be able to stop something like this from happening again, but we can make it hard for those who target us

---

[3] https://sg001-harmony.sliq.net/00289/Harmony/en/PowerBrowser/PowerBrowserV2/20210330/-1/50869#agenda at 10:48:21 AM (West Virginia Senate Video Archive, March 30, 2021).

[4] *Id.* at 10:42:31 AM (West Virginia Senate Video Archive, March 30, 2021).

[5] https://www.nj.com/politics/2020/11/murphy-to-sign-law-making-it-illegal-to-post-address-phone-number-of-judges-prosecutors.html  *See also* https://www.nj.com/middlesex/2020/07/husband-son-of-federal-judge-shot-at-their-nj-home-sources-say.html; https://www.nj.com/politics/2020/11/nj-makes-it-illegal-to-post-addresses-phone-numbers-of-judges-prosecutors-after-judges-son-was-killed.html; https://www.nj.com/news/2020/12/nj-law-is-meant-to-protect-judges-after-horrific-killing-implementing-it-wont-be-easy.html

[6] *Id.*

[7] https://www.nj.com/news/2020/08/my-sons-death-cannot-be-in-vain-judge-speaks-out-for-first-time-of-the-day-of-horror-when-a-madman-attacked.html

to track us down.

As a federal judge, I took an oath to administer justice without respect to a person's race, gender, or economic status. As I speak to you today, I can honestly say that I have worked tirelessly to uphold that pledge. As federal judges, we understand that our decisions will be scrutinized, and some may disagree strongly with our rulings. We know that our job requires us to make tough calls, and sometimes those calls can leave people angry and upset.

That comes with the territory and we accept that.

But what we cannot accept is when we are forced to live in fear for our lives because personal information, like our home addresses, can be easily obtained by anyone seeking to do us or our families harm.

Unfortunately, for my family, the threat was real and the free flow of information from the Internet allowed this sick and depraved human being to find all our personal information and target us.

Currently, federal judges' addresses and other information is readily available on the Internet. In addition, there are companies that will sell your personal details that can be leveraged for nefarious purposes.

In my case, this monster knew where I lived and what church we attended and had a complete dossier on me and my family. At the moment there is nothing we can do to stop it, and that is unacceptable.

My son's death cannot be in vain, which is why I am begging those in power to do something to help my brothers and sisters on the bench.

Now, more than ever, we need to identify a solution that keeps the lives of federal judges private. I know this is a complicated issue, and I don't pretend to know or have all answers, but together we can find a way. Let's commence a national dialogue, let's work collaboratively to find a solution that will safeguard the privacy of federal judges.

Let me be clear and tell you firsthand—this is a matter of life and death. And we can't just sit back and wait for another tragedy to strike.

5.     Daniel's Law reflects this call to action and the West Virginia Legislature's

efforts to "take a step toward avoiding that horrible massacre in New Jersey where … it was so

easy to find [Judge Salas'] home that [a gunman] came there to kill her and killed her son."[8]

6.     The statute provides, in pertinent part:

> Unless written permission is first obtained from the individual, a person,
> business, or association shall not disclose, redisclose, or otherwise make
> available the home address or unpublished home or personal telephone
> number of any active, formerly active, or retired judicial officer,
> prosecutor, federal or state public defender, federal or state assistant public
> defender, or law-enforcement officer under circumstances in which a
> reasonable person would believe that providing such information would
> expose another to harassment or risk of harm to life or property.

W. Va. Code § 5A-8-24(e).

7.     Despite this abundantly clear proscription, Defendant has disclosed, redisclosed,

or otherwise made available the home addresses and unpublished home or personal telephone

numbers of thousands of West Virginia's active, formerly active, or retired judicial officers,

prosecutors, federal or state public defenders, federal or state assistant public defenders, and law-

enforcement officers. *See id.*

8.     Defendant's conduct has exposed Plaintiff and those similarly situated to

harassment and/or risk of harm to life or property. *See id.* As set out by Judge Salas and cited

*supra*, every day, public servants make "decisions [that] will be scrutinized, and some may

disagree strongly[.] ... [The nature of their] job[s] requires [them] to make tough calls, and

sometimes those calls can leave people angry and upset."[9]  Indeed, in the attack on Judge Salas,

her husband Mark Anderl, and her son Daniel Anderl, "[a]uthorities [] identified the assailant as

Roy Den Hollander, a self-described anti-feminist **lawyer who had a case before Salas** and

---

[8] https://sg001-harmony.sliq.net/00289/Harmony/en/PowerBrowser/PowerBrowserV2/20210410/-1/50928#agenda_
at 05:59:53 PM (West Virginia Senate Video Archive, April 10, 2021).

[9] https://www.nj.com/news/2020/08/my-sons-death-cannot-be-in-vain-judge-speaks-out-for-first-time-of-the-day-of-
horror-when-a-madman-attacked.html.

railed against her in a racist and sexist post on his website."[10]   Making Plaintiff's and other public servants' personal information "readily available on the Internet … [means that those] personal details [] can be leveraged for nefarious purposes[,]"[11] including by individuals (i.e., criminals, disputants, offenders, etc.) with whom Plaintiff and his peers deal in the line of duty.

9.      Plaintiff brings this action to prevent Defendant from further violating the privacy rights of West Virginia's active, formerly active, or retired judicial officers, prosecutors, federal or state public defenders, federal or state assistant public defenders, and law-enforcement officers, as well as others residing at such a person's home address, and to recover statutory damages from Defendant, pursuant to W. Va. Code § 5A-8-24(e)(1)-(2).

## PARTIES

10.     Plaintiff Michael Jackson is, and has been at all relevant times, a resident of Gassaway, West Virginia.  Plaintiff is a retired law-enforcement officer who served with the Braxton County, West Virginia Sheriff's Department; the Sutton, West Virginia Police Department; and the Clendenin, West Virginia Police Department.  Plaintiff Jackson's home address and/or unpublished home or personal telephone number(s) were disclosed, redisclosed, or otherwise made available by Defendant; Defendant did so without Plaintiff Jackson's written permission; and this exposed Plaintiff Jackson to harassment and/or risk of harm to life or property.

11.     Defendant Whitepages, Inc. is a Delaware corporation with its principal place of business at 2033 6th Avenue, Suite 1100, Seattle, Washington 98121.  Whitepages, Inc. is not registered to do business in the state of West Virginia and service of process is requested through the West Virginia Secretary of State pursuant to W.Va. Code §31D-15-1510(e).

---

[10] *Id.* (emphasis added).

[11] *Id.*

5

12.     Through its website(s) – including, *inter alia*, whitepages.com – Defendant has disclosed, redisclosed, or otherwise made available the home addresses and unpublished home or personal telephone numbers of thousands of West Virginia's active, formerly active, or retired judicial officers, prosecutors, federal or state public defenders, federal or state assistant public defenders, and law-enforcement officers, whom Defendant knows to reside in West Virginia.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to W. Va. Code § 51-2-2(b) because the amount in controversy is in excess of $7,500, exclusive of interest.

14.     The Court has personal jurisdiction over Defendant pursuant to W. Va. Code § 56-3-33(1) because Defendant transacts business in West Virginia.  The Court also has personal jurisdiction over Defendant pursuant to W. Va. Code § 56-3-33(3) because Defendant caused tortious injury in this state by its acts and/or omissions outside West Virginia, and Defendant regularly does and solicits business in West Virginia; Defendant persistently discloses, rediscloses, or otherwise makes available the home addresses and unpublished home or personal telephone numbers of thousands of individuals whom Defendant knows to reside in West Virginia; and Defendant derives substantial revenue from services rendered in West Virginia.

15.     Venue is proper in this Court pursuant to W. Va. Code § 56-1-1(a)(1) because a substantial part of the events giving rise to Plaintiff's claims took place within this County. Plaintiff served as a law-enforcement officer with the Braxton County Sheriff's Department, making Plaintiff's written permission required before Defendant disclosed, redisclosed, or otherwise made available Plaintiff's home address or unpublished home or personal telephone number.  *See* W. Va. Code § 5A-8-24(e).  Additionally, Defendant disclosed, redisclosed, or otherwise made available Plaintiff's Braxton County home address.  Thereby, Defendant

6

exposed Plaintiff to harassment and risk of harm to life or property in Braxton County.

<u>**LEGAL AND FACTUAL BACKGROUND**</u>

16.     Defendant is a provider of online "people search" (also known as "people finder")
services.  People search companies, like Defendant, specialize in compiling vast amounts of
information about individuals from various sources, such as public records, social media, court
documents, and more.  Defendant and its competitors then provide access to and monetize said
personal details through their websites – some of which are ad-supported and give users free
access to the data, and others of which furnish reports about people for a fee.

17.     Through Defendant's online service(s), anyone on the Internet can view active,
formerly active, or retired judicial officers', prosecutors', federal or state public defenders',
federal or state assistant public defenders', and law-enforcement officers' verified home
addresses and home and/or personal telephone numbers, as well as other personal details such as
email addresses, relatives, and more.  This is achieved by simply searching such a public servant
by name, city, state, phone number, address, and/or other parameters.

18.    For example, through its website(s) – including, *inter alia*, whitepages.com –
Defendant has disclosed, redisclosed, or otherwise made available the following personal
information of individuals who are covered by W. Va. Code § 5A-8-24(e):



**Sample whitepages.com report including, *inter alia*, name, home address, and
unpublished home or personal telephone number.  Note, all included personal
information has been redacted herein for privacy preservation but is not
redacted on Defendant's website(s).**

19.    Thus, Defendant has "disclose[d], redisclose[d], or otherwise ma[d]e available the
home address or unpublished home or personal telephone number of [] active, formerly active, or
retired judicial officer[s], prosecutor[s], federal or state public defender[s], federal or state
assistant public defender[s], or law-enforcement officer[s]" from West Virginia.  *See* W. Va.
Code § 5A-8-24(e).

20.     And crucially, "written permission [was not] first obtained from the[se] individual[s]" by Defendant. *See id.* Defendant never requested – and said public servants never provided – written permission for Defendant to disclose, redisclose, or otherwise make available their home addresses and unpublished home or personal telephone numbers. In fact, Plaintiff has no relationship with Defendant whatsoever. Plaintiff had never heard of Defendant and had no reasonable ability to discover Defendant's use of his personal information until shortly before filing suit.

21.     Further, Defendant's conduct exposed Plaintiff and his peers to harassment and/or risk of harm to life or property because disclosing, redisclosing, or otherwise making available their personal information means that those personal details can be leveraged for nefarious purposes, including by individuals (i.e., criminals, disputants, offenders, etc.) with whom the public servants dealt in the line of their duties. *See id.*

## CLASS ALLEGATIONS

22.     Pursuant to W. Va. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all persons with West Virginia addresses who are active, formerly active, or retired judicial officers, prosecutors, federal or state public defenders, federal or state assistant public defenders, and law-enforcement officers, or anyone else residing at such person's home address, whose home address and/or unpublished home or personal telephone number was disclosed, redisclosed, or otherwise made available by Defendant (the "Class").

23.     Plaintiff reserves the right to modify the Class definition, including by using subclasses, as appropriate based on further investigation and discovery obtained in the case.

24.     **Numerosity:** The Class is composed of at least thousands of individuals, the joinder of which in one action would be impracticable.  The disposition of their claims through this class action will benefit both the parties and the Court.

25.     **Existence and Predominance of Common Questions of Fact and Law:** There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class.  The questions of law and fact common to the proposed Class predominate over questions affecting only individual Class Members.  Such questions include, but are not limited to, the following: whether Defendant violated W. Va. Code § 5A-8-24(e); and whether Plaintiff and Class Members are entitled to damages, reasonable attorneys' fees, pre-judgment interest and costs of this suit, pursuant to W. Va. Code § 5A-8-24(e)(1)-(2).

26.     **Typicality:** The claims of the named Plaintiff are typical of the claims of the Class because Plaintiff, like all other Class Members, had his home address and/or unpublished home or personal telephone number(s) disclosed, redisclosed, or otherwise made available by Defendant; Defendant did so without written permission; and this exposed Plaintiff Jackson to harassment and/or risk of harm to life or property.

27.     **Adequacy:** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

28.     **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and

extensive litigation necessary to establish Defendant's liability. Individualized litigation

increases the delay and expense to all parties and multiplies the burden on the judicial system

presented by the complex legal and factual issues of this case. Individualized litigation also

presents a potential for inconsistent or contradictory judgments. In contrast, the class action

device presents far fewer management difficulties and provides the benefits of single

adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendant's liability.  Class treatment of the liability issues will ensure that all claims and

claimants are before this Court for consistent adjudication of the liability issues.  Finally,

Defendant has acted or refused to act on grounds generally applicable to the entire Class, thereby

making it appropriate for this Court to grant final injunctive relief and declaratory relief with

respect to the Class as a whole.

### CAUSES OF ACTION

### COUNT I
### Violation Of Daniel's Law,
### W. Va. Code § 5A-8-24(e)

29.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30.     Plaintiff brings this claim individually and on behalf of the members of the

proposed Class against Defendant.

31.     W. Va. Code § 5A-8-24(c) provides that:

> (1) "Disclose" means to publish, publicly display, distribute, deliver,
> circulate, post, lend, provide, advertise, or disseminate by any means
> including, but not limited to, electronic transmission and on any medium
> including, but not limited to, the Internet.

> (2) "Immediate" family member means spouse, child, parent, or any other
> family member related by blood or by law to the judicial officer, prosecutor,
> or law-enforcement officer, and who resides in the same residence as the
> judicial officer, prosecutor, federal or state public defender, federal or state
> assistant public defender, or law-enforcement officer.

11

(3) "Judicial officer" means the chief justice or an associate justice of the United States Supreme Court, a judge of the United States Court of Appeals, a judge of a federal district court, a magistrate judge of a federal district court, any other judge for a court established by federal law, the chief justice or a justice of the Supreme Court of Appeals of West Virginia, a circuit judge, a family law judge, a magistrate, an administrative law judge, a municipal court judge, or any other judge established by state law.

(4) "Law-enforcement officer" shall have the same definition as that term is defined in § 29B-1-2 of this code.

(5) "Prosecutor" means United States Attorney or his or her assistant United States attorneys, any other prosecutor established by federal law, the Attorney General of the State of West Virginia or his or her assistant attorneys general, a county prosecuting attorney or his or her assistant prosecuting attorneys, or any other prosecutor established by state law.

32.     W. Va. Code § 29B-1-2(2) provides that: "'Law-enforcement officer' shall have the same definition as this term is defined in W.Va. Code § 30-29-1[.]" Therein, W.Va. Code § 30-29-1(6) provides that:

"Law-enforcement officer" means any duly authorized member of a law-enforcement agency who is authorized to maintain public peace and order, prevent and detect crime, make arrests, and enforce the laws of the state or any county or municipality thereof, other than parking ordinances, and includes those persons employed as campus police officers at state institutions of higher education in accordance with the provisions of §18B-4-5 of this code, persons employed as hospital police officers in accordance with the provisions of §16-5B-19 of this code, and persons employed by the Public Service Commission as motor carrier inspectors and weight-enforcement officers charged with enforcing commercial motor vehicle safety and weight restriction laws, although those institutions and agencies may not be considered law-enforcement agencies. The term also includes those persons employed as county litter control officers charged with enforcing litter laws who have been trained and certified as law-enforcement officers and whose certification is currently active. The term also includes those persons employed as rangers by resort area districts in accordance with the provisions of §7-25-23 of this code, although no resort area district may be considered a law-enforcement agency: Provided, That the subject rangers shall pay the tuition and costs of training. As used in this article, the term "law-enforcement officer" does not apply to the chief executive of any West Virginia law-enforcement agency, or to any watchman or special natural resources police officer, or to any litter control officer who is authorized and trained under the provisions of §7-1-3ff(d) of this code but is not

trained and currently certified as a law-enforcement officer[.]

33.     W. Va. Code § 5A-8-24(e) provides that:

> Unless written permission is first obtained from the individual, a person, business, or association shall not disclose, redisclose, or otherwise make available the home address or unpublished home or personal telephone number of any active, formerly active, or retired judicial officer, prosecutor, federal or state public defender, federal or state assistant public defender, or law-enforcement officer under circumstances in which a reasonable person would believe that providing such information would expose another to harassment or risk of harm to life or property.

34.     Defendant failed to comply with this Daniel's Law mandate.

35.     Through its website(s) – including, *inter alia*, whitepages.com – Defendant has "disclose[d], redisclose[d], or otherwise ma[d]e available the home address or unpublished home or personal telephone number of [thousands of] active, formerly active, or retired judicial officer[s], prosecutor[s], federal or state public defender[s], federal or state assistant public defender[s], or law-enforcement officer[s]" from West Virginia.  *See* W. Va. Code § 5A-8-24(e).

36.     That is, *inter alia*, Defendant "publish[es], publicly display[s], distribute[s], deliver[s], circulate[s], post[s], lend[s], provide[s], advertise[s], [and/]or disseminate[s] by … the Internet" (W. Va. Code § 5A-8-24(c)(1)) said personal information pertaining to active, formerly active, or retired judicial officers, prosecutors, federal or state public defenders, federal or state assistant public defenders, and law-enforcement officers.

37.     "[W]ritten permission [was not] first obtained from the individual" public servants, by Defendant.  *See* W. Va. Code § 5A-8-24(e).  Defendant never requested – and the active, formerly active, or retired judicial officers, prosecutors, federal or state public defenders, federal or state assistant public defenders, and law-enforcement officers never provided – written permission for Defendant to disclose, redisclose, or otherwise make available their home addresses and unpublished home or personal telephone numbers.

13

38.     Defendant's conduct exposed Class Members to harassment and/or risk of harm to life or property because disclosing, redisclosing, or otherwise making available public servants' personal information means that those personal details can be leveraged for nefarious purposes, including by individuals (i.e., criminals, disputants, offenders, etc.) with whom the public servants have dealt in the line of their duties. *See id.*

39.     Thus, on behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class; (3) statutory damages of $1,000 for each of Defendant's violations of Daniel's Law, pursuant to W. Va. Code § 5A-8-24(e)(1)-(2); and (4) reasonable attorneys' fees and other litigation costs pursuant to W. Va. Code § 5A-8-24(e)(2)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

(a)     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

(b)     Declaring that Defendant's actions, as set out above, violate W. Va. Code § 5A-8-24 ("Daniel's Law");

(c)     Awarding statutory damages of $1,000.00 for each of Defendant's violations of Daniel's Law, pursuant to W. Va. Code § 5A-8-24(e)(1)-(2);

(d)     Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to comply with Daniel's Law;

(e)     Awarding Plaintiff and the Class their reasonable attorneys' fees and other litigation costs pursuant to W. Va. Code § 5A-8-24(e)(2)(C);

14

(f)     Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

(g)     Awarding such other and further relief as equity and justice may require.

**JURY TRIAL Demanded**

Plaintiff demands a trial by jury for all issues so triable.

Dated:  July 22, 2024                                   Respectfully submitted,

                                            By:     */s/ Jason E. Causey*
                                                    Jason E. Causey #9482
                                                    Bordas & Bordas, PLLC
                                                    1358 National Road
                                                    Wheeling, WV 26003
                                                    (304) 242-8410
                                                    jcausey@bordaslaw.com

                                                    Philip L. Fraietta*
                                                    Julian C. Diamond*
                                                    Bursor & Fisher, PA
                                                    1330 Avenue of the Americas, 32nd Floor
                                                    New York, NY 10019
                                                    (646) 837-7150
                                                    pfraietta@bursor.com
                                                    jdiamond@bursor.com
                                                    * *Pro Hac Vice Forthcoming*

                                                    *Counsel for Plaintiff and the Putative Class*

15