IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

MICHAEL JACKSON,
on behalf of himself and
all others similarly situated,
    Plaintiff,
v.                                                                                           Civil Action No. 1:24-cv-80

WHITEPAGES, INC.,

    Defendant.

---

MICHAEL JACKSON,
on behalf of himself and
all others similarly situated,
    Plaintiff,
v.                                                                                           Civil Action No. 1:24-cv-81

LEXISNEXIS RISK
SOLUTIONS, INC.,

    Defendant.

---

MICHAEL JACKSON,
on behalf of himself and
all others similarly situated,
    Plaintiff,
v.                                                                                           Civil Action No. 1:24-cv-88

THOMSON REUTERS
AMERICA CORP.,

    Defendant.

1

MICHAEL JACKSON,
   on behalf of himself and
   all others similarly situated,
      Plaintiff,
v.                                                        Civil Action No. 1:24-cv-96

THRYV, Inc.

      Defendant.

MICHAEL JACKSON,
   on behalf of himself and
   all others similarly situated,
      Plaintiff,
v.                                                        Civil Action No. 1:24-cv-102

PEOPLECONNECT, INC., et al.

      Defendants.

## ORDER

In each of the above-captioned cases, plaintiff Michael Jackson contends that defendants violated a West Virginia statute known as Daniel's Law, W. Va. Code § 5A-8-24. Defendants have filed a consolidated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Daniel's Law is unconstitutional under the First and Fourteenth Amendments as a content-based regulation of speech and under the Fourteenth

2

Amendment's Due Process Clause as void for vagueness. Because this presents a constitutional challenge to a state statute "affecting the public interest" in a case in which the state is not a party, "the court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). Defendants in this matter already provided the appropriate notice required of them to the West Virginia Attorney General on January 24, January 27, January 28, and January 29, 2025, respectively. See, e.g., Jackson v. Thryv, Inc., No. 1:24-cv-96, ECF No. 25 (served via certified mail on January 24, 2025). Under Federal Rule of Civil Procedure 5.1(b), "Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier." Fed. R. Civ. P. 5.1(b). That deadline has now expired, and the West Virginia Attorney General has not intervened.

However, because the court failed to provide additional notice as required by 28 U.S.C. § 2403, the court will extend the deadline such that the West Virginia Attorney General **MAY INTERVENE**, if he so chooses, within **THIRTY (30)** days from the date of this order. The court will not rule on the motion to dismiss while it awaits a decision from the West Virginia Attorney General.

However, the oral argument on the motion to dismiss will remain scheduled for May 9, 2025. If the West Virginia Attorney General later decides to intervene, the court will accept further briefing and argument on the issue of constitutionality from the West Virginia Attorney General and, if they wish, from the parties.

Accordingly, it is **ORDERED** that:

1. Pursuant to 28 U.S.C. § 2403 and Federal Rule of Civil Procedure 5.1(b), it is

3

**CERTIFIED** that defendants' motion to dismiss is calling into question the constitutionality of Daniel's Law, W. Va. Code § 5A-8-24.

2. The West Virginia Attorney General **MAY INTERVENE**, if he so chooses, within **THIRTY (30)** days from the date of this order.

The Clerk is **DIRECTED** to send a copy of this order to all counsel of record. The Clerk is further **DIRECTED** to send a copy of this order to the Office of the West Virginia Attorney General.

It is **SO ORDERED**.

Entered: May 7, 2025

Michael F. Urbanski
Senior United States District Judge

4